QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Diane M. Doolittle (Bar No. 142046)
  dianedoolittle@quinnemanuel.com
  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
  Austin Buscher (Bar No. 346456)
  austinbuscher@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendants Matterport LLC and CoStar Group*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINATHA KUTAGULA, an individual,<br><br>              Plaintiff,<br><br>     vs.<br><br>MATTERPORT, INC., a corporation, and COSTAR GROUP, an entity,<br><br>              Defendants. | CASE NO. 25-cv-05383-NC<br><br>**QUINN EMANUEL'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT COSTAR GROUP**<br><br>Judge: Magistrate Judge Nathanael Cousins<br>Hearing Date: March 4, 2026<br>Hearing Time: 11:00 a.m.<br>Courtroom: Courtroom 5 |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 4, 2026 at 11:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Magistrate Judge Nathanael Cousins of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, the undersigned will and hereby do move to withdraw as counsel for Defendant CoStar Group in this action.

This Motion is made pursuant to Rules 7-2 and 11-5 of the Civil Local Rules of the United States District Court for the Northern District of California, Rule 1.16 of the State Bar of California's Rules of Professional Conduct, and the other authorities cited herein, and is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Kyle Batter filed herewith, and such other evidence and argument as may be presented at or before the hearing on this Motion.

DATED: January 13, 2026                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  *[signature: Diane M. Doolittle]*
Diane Doolittle
*Attorneys for Matterport LLC and CoStar Group*

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

STATEMENT OF FACTS...............................................................................................................1

LEGAL STANDARD .....................................................................................................................2

ARGUMENT ..................................................................................................................................3

I.    Good Cause Exists To Grant Quinn Emanuel Leave To Withdraw As Counsel For CoStar...................................................................................................................................3

    A.    Quinn Emanuel Cannot Effectively Represent CoStar ..............................................4

    B.    CoStar Says It Has Not Agreed to Quinn Emanuel's Terms of Engagement ............4

II.    Quinn Emanuel Has Taken Reasonable Steps To Avoid Reasonably Foreseeable Prejudice To The Parties ......................................................................................................5

CONCLUSION ...............................................................................................................................6

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rules 7-2 and 11-5 of the Civil Local Rules of the United States District Court for the Northern District of California and Rule 1.16 of the State Bar of California's Rules of Professional Conduct, Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel" or "Counsel"), counsel of record for Defendants in the above-captioned action, respectfully submits this memorandum of points and authorities, together with the Declaration of Kyle Batter in support of its Motion to Withdraw as Counsel to CoStar Group ("Motion").

For the reasons set forth herein, Counsel respectfully request that the Court enter an Order: (i) granting Quinn Emanuel (including attorneys Diane Doolittle, Kyle Batter, and Austin Buscher) leave to withdraw as counsel to CoStar Group in this action; (ii) staying all proceedings in this action until March 15, 2026 or such earlier time as CoStar is able to engage replacement counsel and replacement counsel has entered its appearance; and (iii) granting such other and further relief as may be just and proper.

## STATEMENT OF FACTS

Quinn Emanuel has represented Matterport in this matter since July 30, 2024, when the firm was retained to represent Matterport in connection with defense of employment-related legal claims filed by former employee Vinatha Kutagula. Batter Decl. ¶ 2. Quinn Emanuel has an engagement letter with Matterport dated July 30, 2024 that sets forth the firm's standard terms of representation. *Id.*

CoStar Group acquired Matterport in February 2025, assumed responsibility for managing Matterport's litigation with Ms. Kutagula, and was named as an additional defendant in Ms. Kutagula's federal lawsuit. *Id.* ¶ 3. As of August 18, 2025, CoStar informed Quinn Emanuel that its legal department merged with Matterport's legal department, and CoStar began paying Quinn Emanuel under the Matterport engagement letter. Quinn Emanuel entered a Notice of Appearance as counsel for CoStar on August 15, 2025. Dkts. 8, 12, 13.

On December 15, 2025, CoStar raised concerns with Quinn Emanuel about a potential issue arising from Quinn Emanuel's representation of another client adverse to CoStar in litigation unrelated to Ms. Kutagula. Batter Decl. ¶ 4. Also on December 15, 2025, CoStar informed Quinn

Emanuel that it believed it never had agreed to any terms of engagement, and in particular had not agreed to Quinn Emanuel's standard terms of engagement set forth in the engagement letter with Matterport, under which CoStar had been paying Quinn Emanuel after it acquired Matterport. *Id.* Quinn Emanuel's standard terms include a conflict waiver provision that would permit Quinn Emanuel to be adverse to CoStar in the unrelated litigation matter. *Id.*

The parties exchanged correspondence on December 15, 18, and 29, 2025 in an effort to resolve the dispute regarding engagement terms, and CoStar continued to maintain that it had never agreed to Quinn Emanuel's engagement terms. *Id.* ¶ 5. It is now clear that CoStar maintains there has been no meeting of the minds regarding the terms and conditions of Quinn Emanuel's representation of CoStar.

On December 29, 2025, Quinn Emanuel informed CoStar that unless CoStar confirmed by close of business on December 31, 2025 that it would agree to Quinn Emanuel's standard terms of engagement or arrange for substitute counsel, Quinn Emanuel would need to file a motion to withdraw as counsel for CoStar. CoStar did not do either. *Id.*

## **LEGAL STANDARD**

Local Rule 11-5 states:

> (a) Order Permitting Withdrawal. Counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case.
>
> (b) Conditional Withdrawal. When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition.

Courts consider several factors in determining a motion to withdraw as counsel, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Sec. & Exch. Comm'n v. Rothenberg*, 2019 WL 13201960, at *1 (N.D. Cal. Feb. 22, 2019) (internal citation omitted). "In this district,

courts look to the standards of professional conduct required of members of the State Bar of California in determining whether counsel may withdraw representation." *U.A. Loc. 342 Joint Lab.-Mgmt. Comm. v. S. City Refrigeration, Inc.*, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010).

## ARGUMENT

### I. Good Cause Exists To Grant Quinn Emanuel Leave To Withdraw As Counsel For CoStar

Good cause exists to permit Quinn Emanuel to withdraw as counsel for CoStar; all factors set forth above justify withdrawal. As discussed in the accompanying Declaration of Kyle Batter, there has been a breakdown in the relationship with CoStar – including CoStar's position that it never agreed to any terms of engagement and would not agree to the firm's standard terms of engagement – that has rendered it unreasonably difficult for Quinn Emanuel to carry out the representation effectively and makes it inappropriate for Quinn Emanuel to continue as CoStar counsel.

Quinn Emanuel has taken care not to reveal confidential information in the context of this motion to withdraw. *See* Cal. R. Ct. 3.1362(c) (attorney's declaration in support of withdrawal motion cannot compromise attorney-client confidentiality); Cal. State Bar Form. Op. 2015-192; ABA Model R. Prof'l Conduct 1.16, Comment [3] (it is sufficient to state "professional considerations require termination of the representation" or that situation is one in which withdrawal is appropriate). Quinn Emanuel believes its submission includes sufficient non-confidential details to justify withdrawal, but withdrawal should not be denied where "counsel maintains he [or she] must step down because of a disabling conflict, the conflict concededly involves privileged communications and the trial court admittedly accepts counsel's representations." *See Aceves v. Sup. Ct.*, 51 Cal. App. 4th 584, 596 (1996).

If the Court believes that more detail, including detail about communications with CoStar, is required to grant this Motion, Counsel will submit additional information for *in camera* review to enable the Court to fully evaluate the circumstances necessitating withdrawal, subject to the understanding that such presentation would not waive the attorney-client privilege or otherwise prejudice Defendants. *Aceves*, 51 Cal. App. 4th at 592 ("Where as here the duty not to reveal

confidences prevented counsel from further disclosure and the court accepted the good faith of counsel's representations, the court should find the conflict sufficiently established and permit withdrawal.").

### A. Quinn Emanuel Cannot Effectively Represent CoStar

"[A] lawyer may withdraw from representing a client if: . . . the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively[.]" Rule 1.16(b)(4). *See Kannan v. Apple Inc.*, 2020 WL 75942, at *1 (N.D. Cal. Jan. 7, 2020) (Rule 1.16 allows an attorney to "request permission to withdraw if a client is engaged in conduct that makes it unreasonably difficult for the attorney to carry out employment effectively or breaches an agreement or obligation to pay expenses or fees.").

Here, the communications between Quinn Emanuel and CoStar in December 2025 demonstrate that (i) CoStar maintains it never agreed to any terms of engagement, including Quinn Emanuel's standard terms; and (ii) the parties have reached an impasse regarding the fundamental terms governing any attorney-client relationship. This dispute rendered it unreasonably difficult for Quinn Emanuel to continue representing CoStar effectively; Counsel cannot be expected to represent a client when there is fundamental disagreement about the very existence of engagement terms. Courts routinely grant motions to withdraw where, as here, the trust and cooperation necessary for an attorney-client relationship has broken down. *See Gong v. City of Alameda*, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) ("The trust and cooperation necessary for an attorney-client relationship has obviously broken down, making it unreasonably difficult for [counsel] to continue representing [the client]."); *Carrillo v. Target Corp.*, 2018 WL 1696876, at *2 (N.D. Cal. Apr. 6, 2018) (granting motion to withdraw where "irreconcilable differences of opinion have arisen as to certain significant issues" and constituted good cause justifying withdrawal of counsel) (internal quotations omitted).

### B. CoStar Says It Has Not Agreed to Quinn Emanuel's Terms of Engagement

"[A] lawyer may withdraw from representing a client if: . . . the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the

client fulfills the agreement or performs the obligation[.]" Rule 1.16(b)(5); see also Rule 1.16(b)(10) (also permitting withdrawal if "the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal."). Here, CoStar maintains it has not agreed to any terms or obligations (and if it did agree to the firm's standard terms, as Quinn Emanuel believes, in the Matterport letter under which it was paying Quinn Emanuel, it has breached them). Even under CoStar's version, Quinn Emanuel and CoStar have had no meeting of the minds regarding the terms and conditions of Quinn Emanuel's representation of CoStar following the Matterport acquisition. A client cannot accept the benefits of legal representation while simultaneously disclaiming any agreement to the terms under which that representation is provided.

## II.     Quinn Emanuel Has Taken Reasonable Steps To Avoid Reasonably Foreseeable Prejudice To The Parties

The impact of Quinn Emanuel's withdrawal as counsel for CoStar on the parties and proceedings will be minimal, and both replacement counsel and the parties will have enough time to begin discovery, prepare dispositive motions, and prepare for arbitration/trial.

This case is in its earliest stages. Withdrawal at this juncture will cause no material delay or prejudice to any party. Plaintiff filed her federal complaint on June 26, 2025, and Defendants filed a motion to dismiss and compel arbitration on September 22, 2025. No trial date has been set. No case management conference has occurred. Most significantly, Plaintiff has not even properly initiated the JAMS arbitration proceeding to which her claims were previously compelled by the Santa Clara Superior Court.

Further, the parties have agreed to stay discovery related to General Order 71 and the setting of any case schedule pending the outcome of the pending motion to dismiss and compel arbitration. Under these circumstances, there are no imminent deadlines that would be disrupted, provided the Court orders a brief stay to allow CoStar to retain substitute counsel. *U.S. ex rel. McLean v. Cnty. of Santa Clara*, 2009 WL 3297502, at *1 (N.D. Cal. Oct. 9, 2009) ("the court will allow [counsel's] conditional withdrawal and will permit a brief, and final, stay of these proceedings to give [plaintiff] time to find new counsel"); *McClain v. Am. Credit Resol., Inc.*, 2020 WL 8619963, at *3 (E.D. Cal.

Apr. 6, 2020) ("The Court also finds allowing a reasonable time for Defendant to retain appropriate counsel does not constitute 'unreasonable delay' and poses hardly any risk of harming the administration of justice.").

Although a motion to dismiss and to compel arbitration is pending, the motion is relatively straightforward and based on well-established legal principles, and a short stay to allow CoStar to find new counsel would eliminate any potential prejudice. The motion relies primarily on the preclusive effect of the California Superior Court's prior order compelling arbitration, the enforceability of Plaintiff's written arbitration agreement, and the deficiencies in Plaintiff's claims against CoStar. New counsel will be able to familiarize themselves with the limited issue pertaining to CoStar and prepare any reply briefing without undue difficulty.

Counsel has provided reasonable notice of its intent to withdraw as CoStar counsel and has complied with all notice requirements. *See* Cal. R. Prof. Conduct 1.16(d); N.D. Cal. Local Rule 11-5(a). Quinn Emanuel first advised CoStar of its position that the parties needed to resolve the engagement terms or Quinn Emanuel would be forced to withdraw on December 18, 2025, and confirmed this position on December 24, 2025 and December 29, 2025. Batter Decl. ¶ 5. Quinn Emanuel also notified Plaintiff's counsel of its intent to withdraw as counsel for CoStar on January 13, 2026. *Id.* ¶ 6. This District does not require that notice be given a specific number of days in advance, and notice here was reasonable. *Hernandez-Garcia v. Dana*, 2023 WL 2593968, at *2 (S.D. Cal. Mar. 21, 2023) (one week's notice to opposing counsel was reasonable because the case was in its very early stages).

## CONCLUSION

For the foregoing reasons, Quinn Emanuel respectfully requests that the Court grant its Motion and withdraw as counsel for CoStar in this action.

DATED: January 13, 2026            QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *Diane M. Doolittle*
Diane Doolittle
*Attorneys for Matterport LLC and CoStar Group*