UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINATHA KUTAGULA,<br><br>Plaintiff,<br><br>v.<br><br>MATTERPORT, INC., and others,<br><br>Defendants. | Case No. 25-cv-05383-NC<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE, COMPEL ARBITRATION, AND STAY CLAIMS**<br><br>Re: ECF 26 |

Plaintiff Vinatha Kutagula asserts nine causes of action against Matterport, Inc. and CoStar Group pertaining to her employment.

Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (FAC), Compel Arbitration, and Stay Claims.  For the reasons below, the Court GRANTS Defendants' Motion to Dismiss without leave to amend, compels arbitration, and stays Plaintiff's non-arbitrable claim.

## I.    BACKGROUND

### A.    Factual Background

Plaintiff alleges the following.  In January 2021, Matterport hired Plaintiff to oversee Sales Operations, Customer Success and Customer Support.  FAC ¶ 3.  Matterport is a wholly owned subsidiary of CoStar Group.  *Id.* ¶ 5.

In 2023, Plaintiff raised concerns regarding Sarbanes-Oxley Act (SOX) violations

to the company's executive team. *Id.* ¶ 13. Later that year, after reporting SOX violations pertaining to a large deal which closed, Matterport's chief revenue officer yelled at Plaintiff stating, "I will cut your salary by half and have you go door to door selling." *Id.* ¶¶ 14–15. Human resources laughed when Plaintiff reported the comment. *Id.* ¶ 16.

In March 2024, Plaintiff escalated these issues to the CEO. *Id.* ¶ 24. The executive team created false feedback about Plaintiff's communication and leadership style, including that she was "aggressive and direct in her communication style, so others felt she was bossy." *Id.* ¶ 30, 36. Plaintiff also shared with the CPO that the senior vice president of sales "disparage[d] her, other women . . . and minorities for raising concerns about him and his teams." *Id.* ¶ 33. The CPO shouted at Plaintiff for complaining. *Id.* ¶ 34. Plaintiff told the CEO that the feedback was retaliation for reporting SOX violations, then was immediately terminated. *Id.* ¶¶ 32, 42.

### B.  Procedural Background

In August 2024, Plaintiff filed a complaint in Santa Clara Superior Court asserting claims for unlawful retaliation in and wrongful termination against Matterport, Inc. ECF 26-1 at 5. Defendant moved to compel arbitration according to the arbitration agreement. *Id.* at 22. In December 2024, the Superior Court ruled that the arbitration agreement was enforceable (striking Section 12(f) of the Confidentiality Agreement) and compelled Plaintiff's claims to arbitration. *Id.* at 70–71.

In June 2025, Plaintiff filed a complaint in federal court against Matterport, Inc. and CoStar Group. ECF 1. Defendants filed a motion to dismiss, compel arbitration, and stay claims. Plaintiff filed a first amended complaint, mooting the motion. ECF 24, 25. Defendants again filed a motion to dismiss the first amended complaint, compel arbitration, and stay claims. Plaintiff opposed. ECF 30. Defendants replied. ECF 40. On February 18, 2026, the Court held a hearing on the motion. ECF 52.

The parties have consented to magistrate judge jurisdiction. ECF 7, 10, 11.

## II.  LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

United States District Court
Northern District of California

sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.    DISCUSSION

### A.    Plaintiff's Claims Are Subject to the Arbitration Agreement

Defendants argue Plaintiff's second through eighth claims are subject to the arbitration agreement, which covers "any and all claims arising out of or related to [Plaintiff's] employment."[1] ECF 26 at 8. Plaintiff contends her claims are exempted from arbitration under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (EFAA). ECF 30 at 14. Defendants argue the EFAA does not exempt Plaintiff's claims because she has not brought a sexual harassment dispute. ECF 40 at 15.

Plaintiff's second through eighth claims must be compelled to arbitration.[2] The

---

[1] The parties agree that Plaintiff's whistleblower retaliation claim is not subject to arbitration. ECF 30 at 13; ECF 40 at 14.

[2] The Court is not persuaded by Plaintiff's argument that Defendants have waived the right to arbitrate this matter. ECF 30 at 10. While the parties dispute whether Plaintiff has initiated arbitration and the arbitration's current status (ECF 30 at 10; ECF 40 at 7–8), the Court is convinced the parties can resolve these issues and commence an arbitration without further judicial intervention.

United States District Court
Northern District of California

Santa Clara Superior Court already concluded that the arbitration agreement is enforceable (apart from section 12(f) of the Confidentiality Agreement, which it struck) and compelled Plaintiff's then claims to arbitration.[3]  ECF 26-1 at 70–71.  Just because Plaintiff has asserted new claims here, the result is no different.  *Coyote Valley Band of Pomo Indians v. Findleton*, No. 22-cv-00607-JST, 2022 WL 17972173, at *2 (N.D. Cal. Aug. 12, 2022) (federal courts do not have authority to review final determinations of a state court).  Plaintiff's claims still "aris[e] out of or [are] related to [Plaintiff's] employment," so the arbitration agreement applies.  ECF 26 at 8.

Moreover, the EFAA does not exempt Plaintiff's claims from arbitration.  The EFAA allows plaintiffs alleging sexual harassment or assault the means to opt-out of arbitration agreements.  9 U.S.C. §§ 401–402.  The EFAA defines a sexual harassment dispute as one "relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." *Id.* § 401.  Here, Plaintiff asserts claims for harassment, discrimination, and retaliation in violation of the California Fair Employment and Housing Act.  *See FAC generally*.  Under FEHA, sexual harassment is defined to include "verbal, physical, and visual harassment, as well as unwanted sexual advances."  Cal. Code Regs. tit. 2, § 11034(f).  "Courts look to the totality of the circumstances to determine whether harassment is severe or pervasive enough to alter the workplace environment." *Van De Hey v. EPAM Sys. Inc.*, No. 24-cv-08800-RFL, 2025 WL 829604, at *4 (N.D. Cal. Feb. 28, 2025) (citations omitted).  "[O]ffhand comments[ ] and isolated incidents (unless extremely serious) are not sufficient to create an actionable claim of harassment." *Id.*

Plaintiff's allegations, while concerning if true and may describe sex discrimination, do not plausibly allege a sexual harassment claim.  Plaintiff alleges her team was moved under a while male leader and she was disparaged for raising concerns and singled out.

---

[3] The Court grants Defendants' request for judicial notice of court documents already in the public record and documents filed in other courts.  ECF 26-2; *Love v. Marriott Hotel Servs., Inc.*, 2021 WL 810252, at *3 (N.D. Cal. Mar. 3, 2021), *aff'd*, 40 F.4th 1043 (9th Cir. 2022).

4

FAC ¶¶ 12, 33, 34, 35.  The FAC does not allege that Plaintiff, for example, "was subjected to unwelcome sexual advances or experienced 'epithets, derogatory comments or slurs' on the basis of her gender." *Johannessen v. JUUL Labs, Inc.*, No. 3:23-cv-03681-JD, 2024 WL 3173286, at \*4 (N.D. Cal. June 24, 2024) (quoting 2 Cal. Code Regs. § 11019(2)).  Nor does the FAC allege "physical or visual harassment of a sexual nature." *Id.*  "Personnel actions such as 'hiring and firing, job or project assignments, . . . the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, . . . and the like, do not come within the meaning of harassment.'" *Id.* (quoting *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 64–65 (1996)).  While her claims may be viable, Plaintiff has not alleged sufficient facts regarding the disparaging comments for the Court to conclude they were "severe or pervasive enough to alter the workplace environment" for the EFAA to apply.  *Van De Hey*, 2025 WL 829604 at \*4.  Accordingly, the Court grants Defendants' motion and compels Plaintiff's claims to arbitration.

### B.     Plaintiff's SOX Claim Will Be Stayed Pending Arbitration

Defendants contend the Court should stay Plaintiff's SOX claim pending arbitration because it will simplify the proceedings.  ECF 26 at 16–17.  Plaintiff argues her SOX claim should not be stayed because her non-arbitrable claims predominate those compelled to arbitration.  ECF 30 at 17.

A district court retains discretion whether to proceed with or stay non-arbitrable claims and litigation "in the interest of saving time and effort for itself and litigants." *Wilcox v. Ho-Wing Sit*, 586 F. Supp. 561, 567 (N.D. Cal. 1984).  "Where a stay is proposed, the court should weigh the competing interests that will be affected, including: the possible damage which may result from granting the stay, the hardship or inequity which a party may suffer in being required to go forward, and 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Congdon v. Uber Techs., Inc.*, 226 F. Supp. 3d 983, 990 (N.D. Cal. 2016) (citations omitted) (discussing factors established in

5

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

The Court finds it appropriate to stay Plaintiff's SOX claim and the entire action because, as Plaintiff admits, "the very core of her case is embodied in these non-arbitrable SOX and FEHA causes of action" which are "inextricably linked." ECF 30 at 17. As such, allowing the arbitration to resolve first will simplify future proceedings of her SOX claim. *See Anderson v. Salesforce.com, Inc.*, No. 18-cv-06712-PJH, 2018 WL 6728015, at *3 (N.D. Cal. Dec. 21, 2018) (staying SOX claim pending arbitration where it would streamline questions of fact and issues of law); *Luong v. Super Micro Computer, Inc.*, No. 24-cv-02440-BLF, 2024 WL 4681605, at *6 (N.D. Cal. Nov. 4, 2024) (same). Accordingly, the Court grants Defendants' motion to stay the action pending arbitration.

### C.    Plaintiff's Ninth Claim for Declaratory Relief is Improper

Plaintiff's ninth cause of action for declaratory relief asserts that the arbitration agreement is unenforceable because "it lacks mutuality, is procedurally and substantively unconscionable, and violates public policy." FAC at 26. Defendants argue this cause of action is a "de facto appeal" of the state court's holding that the arbitration agreement is enforceable. ECF 26 at 12 n.4. Plaintiff contends that the agreement is invalid as to the "new, non-arbitrable causes of action brought in this lawsuit." ECF 30 at 16–17.

The Santa Clara Superior Court has already concluded that the arbitration agreement is enforceable (apart from section 12(f) of the Confidentiality Agreement). ECF 26-1 at 70–71. "The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings." *Coyote Valley Band of Pomo Indians* 2022 WL 17972173, at *2 (quoting *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986)). This Court cannot now reverse the state court's decision and find that the arbitration agreement is unenforceable. If Plaintiff is dissatisfied with the lower court's decision, she would have to appeal to a higher state court rather than challenge that action here. *Id.* Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's ninth claim for declaratory judgment without leave to amend.

United States District Court
Northern District of California

### D.    Plaintiff Fails to State a Claim against CoStar

Defendants contend Plaintiff's claims against CoStar are subject to dismissal because all require an employer-employee relationship and Plaintiff was never employed by CoStar. ECF 26 at 18–19. CoStar acquired Matterport a year after Plaintiff's termination. *Id.* at 19. Plaintiff contends CoStar can be liable under a successor liability theory. ECF 30 at 18–19.

Plaintiff has failed to plausibly allege a claim against CoStar. As Defendants note, Plaintiff has not alleged "she was employed by CoStar or that CoStar took employment actions against her." ECF 26 at 19. If Plaintiff is entitled to any recovery, "[s]he will have a remedy against [Matterport] and need not draw extraneous parties into this suit." *Lindsey v. United Airlines, Inc.*, No. C 17-00753 WHA, 2017 WL 2404911, at *5 (N.D. Cal. June 2, 2017) (granting motion to dismiss where plaintiff failed to establish parent company's liability for subsidiary). Moreover, CoStar is not Matterport's successor, so liability cannot be attached. ECF 40-2. Accordingly, the Court grants Defendants' motion to dismiss claims against CoStar without leave to amend.

## IV.    CONCLUSION

Accordingly, Defendants' Motion to Dismiss Plaintiff's ninth claim and claims against CoStar, Compel Arbitration, and Stay Claims is GRANTED. Because the Court finds that it would be futile, leave to amend is denied.

All further proceedings in this matter are stayed until arbitration is completed. The Court orders the parties to file a joint update and a motion to reopen the case within seven days after completion of arbitration.

**IT IS SO ORDERED.**

Dated: February 19, 2026

_____
NATHANAEL M. COUSINS
United States Magistrate Judge